**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Carlos Macias, | Case No. 2:24-cv-00483-GMN-BNW |
| Plaintiff, | **Report and Recommendation** |
| v. | |
| U.S. District Judge Kari Dooley, et al., | |
| Defendants. | |

Pro se plaintiff Carlos Macias brings this civil-rights case from acts seemingly arising out of Connecticut (or Texas). The Court previously granted his applications to proceed *in forma pauperis* and dismissed his complaint with leave to amend. ECF No. 6. Plaintiff timely amended his complaint. ECF No. 8. In turn, the Court will screen Plaintiff's complaint.

**I.   Analysis**

**A.  Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening**

Plaintiff alleges he filed a Section 1983 complaint in the United States District Court, Southern District of Texas. He alleges that the district court failed to docket a habeas claim (and perhaps the Section 1983 claim as well). His allegations seem to indicate he appealed to the Fifth Circuit and that he re-filed these claims. He also provides the factual basis for these claims, which involve the alleged violations of several constitutional rights by United States District Court Judge Kari Dooley (who appears to be a District Judge in the District of Connecticut).

Venue may be raised by a court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff does not allege that any of the events giving rise to his claims occurred in this district. Plaintiff's claims bear no relation whatsoever to the District of Nevada. Accordingly, the Court finds venue is not proper in this District. See 28 U.S.C. § 1391(b). In turn, the Court recommends that the complaint be dismissed without leave to amend.

### C.  Conclusion

**IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint be dismissed without leave to amend.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 23, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE